Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Spencer Wolgang (SW 2389)
swolgang@ipcounselors.com
Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Mattel, Inc.*

FILED
U.S. DISTRICT COURT

2018 SEP 26  PM 2:

S.D. OF N.Y.

# 18 CV 8821

JUDGE KAPLAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTEL, INC. | CIVIL ACTION No. ___ |
| *Plaintiff* | |
| v. | |
| 1622758984, 1922529011, 3237063196, 3ADIANPU, AISAITE, AJKKXIAO, ALINA_ZLL, AMAKEUPSTORE, AMAPO, ANDREA-LOVEKOBE, AT THE BEGINNING OF LANGUAGE, BABY HI, BANGXING, BEAUTY, OUTDOOR AND ELECTRONIC, BEBEST, BENGBU TRADE LIMITED BY SHARE LTD, BEST HOPE, BLUESKY588, BURNING FIRE, BUYINFUN, C-BEAR, CECILIASTYLE, CHERRYSTORE6, CHINA SOUL, COCOMENGXIANGJIA, DE YANG, DIDIAO, DREAMTOP, ELYSIAN FIELDS, FANCYBABY JEWELRY, FANTASTIC5, FASHION MEMORIES, FASHIONGOGOGO, FASHIONISTAS, FATE STAY NIGHT, FATIONSHOP, FENGJIANYU45033, FESENZ, FFBFDNDFNDRF, FIRMTOWN94, FPFP, GEORGE ELLIOT, GN SERVICE | **COMPLAINT** **Jury Trial Requested** **FILED UNDER SEAL** |

CO.LTD., GODEAL2017, GRACEQQ, GUANGZHOUFENGSEWANGJUYINGHUA MAOYIYOUXIANGONGSI, GUOJUN1991@163.COM, HANGZHOUJINGPINBAOBAO, HAPPYDREAM2016, HEADACHES, HELLO BODY, HOME GOODS, HONG KONG QI SHENG, HONGXIN TRADING COMPANY, HYLL2016, IFOUND, JJACKON, JOHNY PAPI, JTD, JTWAREHOUSE, JUSTICE, KÉ, KISS YOUR LIFE, LINDAF JEWELRY, LINJUBUY, LINZHIHEN, LIPENG TRADING CO., LIMITED, LITTLOVE, LONELY PLANET, LUCK2017, LUCKY DOG8, LUCKY-1, LUSYS, LY2016, MATCHBESTCT, MEIRENYUHA, MICROHAPPYWISE, MRROBINSON, MW1023214, MY TREASURE, NANJING MH COMPANY, NEWBEAR, NEWIN, NIUQI DIGITAL FRANCHISE, ORIENT INTERNATIONAL TRADING CO., LTD., PEACH PARTY, PEGGY, PERFECT ELECTRONIC TECHNOLOGY CO., LTD, QINGDAOTIANCHANGZHENGQUANSHIY EYOUXIANGONGSI, QIPILANGZHENPISHOUBAO, RFHBTGNDERFGBESDR, SAML, SAMLIR, SANDI MARKET, SHANGHAI YEE TONG TRADING CO., LTD., SHANGHAIBINJIAWANGLUOGONGCHEN GYOUXIANGONGSI, SHANGHAIYEJIAJINCHUKOUYOUXIANG ONGSI, SHENZHEN NATURE MAKER, SHENZHEN SAFE TECHNOLOGY CO., LTD, SHENZHENSHIXINGJIEXUNDIANZIYOUXI ANGONGSI, SMALL HOUSEHOLD APPLIANCES CONCENTRATION CAMP, SSSDD, SUNSHINE DAY, TAMIIX, TAOLIHUA, TAOZI123, THBFDFHG, THE COSMETICS, TOP FASHION CLUB, TOP_MVP, TOPFASHIONTOWN, TOXIC PERFUME, TUKIISS, UNIQUE CREATE, VSHINE, WAGPUAL TACTICAL AIRSOFT WHOLESALE HOME, WANG`S, WANGPAI, WCLOUDS, WEIWEIT, WEIWO999, WENMY, WHENEVER INTEREST,

WX123456, XI_LIAN, XIAOHHH, XIAOYANGO, XIAOYUPPP, XIEFANG625, XINXIANGSHICHENG6698, YANGFANSHANGMAO, YANGKAIJIE, YEHAOJJSTORE, YEMINQING, YIDAS, YIWU CITY HAOZHUO CRAFTS LIMITED COMPANY, YIWU XIANGPEI INTERNATIONAL TRADE COMPANY, YIWUSHIGUIKANGDIANZISHANGWUSHA NGXING, YIWUYINHAIDIANZISHANGWUYOUXIAN GONGSI, YONGYANONLINE, ZHOU DU STORES, ZIWEIXING ANGEL AGEL ECOMMERCE LTD and ZSDDP,

*Defendants*

Plaintiff Mattel, Inc. ("Mattel" or "Plaintiff"), by and through its undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

This action involves claims for trademark infringement of Plaintiff's federally registered trademarks in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq.*; counterfeiting of Plaintiff's federally registered trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c); false designation of origin, passing off and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); copyright infringement of Plaintiff's federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* and related state and common law claims (the "Action"), arising from Defendants 1622758984,1922529011, 3237063196, 3Adianpu, Aisaite, ajKKxiao, Alina_zll, Amakeupstore, AMAPO, Andrea-LoveKobe, At the beginning of language, baby hi, bangxing, Beauty, outdoor and electronic, Bebest, Bengbu trade Limited by Share Ltd, Best Hope, bluesky588, Burning Fire, BuyInFun, c-bear, ceciliastyle, cherrystore6, China Soul,

CoComengxiangjia, De yang, DIdiao, DreamTop, Elysian Fields, Fancybaby Jewelry, Fantastic5, Fashion memories, FashionGOGOGO, Fashionistas, Fate Stay Night, Fationshop, fengjianyu45033, fesenz, ffbfdndfndrf, Firmtown94, FPFP, George Elliot, GN Service Co.Ltd., Godeal2017, Graceqq, guangzhoufengsewangjuyinghuamaoyiyouxiangongsi, guojun1991@163.com, hangzhoujingpinbaobao, happydream2016, headaches, hello body, Home Goods, Hong kong Qi Sheng, Hongxin Trading Company, hyll2016, ifound, jjackon, Johny Papi, JTD, JTWarehouse, Justice, Ké, Kiss Your Life, LinDaF Jewelry, linjubuy, linzhihen, LiPeng Trading Co., Limited, Littlove, Lonely Planet, luck2017, Lucky dog8, LUCKY-1, lusys, LY2016, MatchBestCT, meirenyuha, microhappywise, MRRobinson, mw1023214, My Treasure, nanjing MH company, newbear, Newin, Niuqi digital franchise, Orient International Trading Co., Ltd., Peach Party, peggy, Perfect electronic technology co., LTD, qingdaotianchangzhengquanshiyeyouxiangongsi, qipilangzhenpishoubao, rfhbtgnderfgbesdr, saml, samlir, Sandi Market, Shanghai Yee Tong Trading Co., Ltd., shanghaibinjiawangluogongchengyouxiangongsi, shanghaiyejiajinchukouyouxiangongsi, shenzhen nature maker, Shenzhen safe technology co., LTD, shenzhenshixingjiexundianziyouxiangongsi, Small household appliances concentration camp, sssdd, Sunshine Day, tamiix, taolihua, taozi123, thbfdfhg, The cosmetics, top fashion club, TOP_MVP, TopFashionTown, toxic perfume, tukiiss, UNIQUE CREATE, Vshine, wagpual tactical airsoft wholesale home, Wang`s, wangpai, Wclouds, WEIWEIT, weiwo999, wenmy, Whenever interest, WX123456, Xi_Lian, xiaoHHH, xiaoyango, xiaoyuPPP, Xiefang625, xinxiangshicheng6698, yangfanshangmao, yangkaijie, yehaoJJstore, yeminqing, Yidas, yiwu city haozhuo crafts limited company, Yiwu Xiangpei International Trade Company, yiwushiguikangdianzishangwushangxing, yiwuyinhaidianzishangwuyouxiangongsi,

4

yongyanonline, Zhou Du Stores, ZIWEIXING angel Agel Ecommerce Ltd and ZSDDP (hereinafter collectively referred to as "Defendants" or individually as "Defendant") infringement of the UNO Marks (as defined *infra*) and UNO Works (as defined *infra*), including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling unlicensed, counterfeit and infringing versions of Plaintiff's UNO Products (as defined *infra*).

## JURISDICTION AND VENUE

1.      This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.; pursuant to the Copyright Act, 17 U.S.C. §§ 101 *et seq*.; pursuant to 28 U.S.C. §1338(b) as an action arising out of claims for false designation of origin and unfair competition and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a), as the claims asserted thereunder are so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

2.      Personal jurisdiction exists over Defendants in this judicial district pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in New York and in this judicial district, and/or derive substantial revenue from their business transactions in New York and in this judicial district and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play

and due process, and/or Defendants' illegal counterfeiting and infringing actions caused injury to Plaintiff in New York and in this judicial district such that Defendants should reasonably expect such actions to have consequences in New York and in this judicial district, for example:

a.   Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including New York, through accounts with online marketplace platforms such as Wish (as defined *infra*) as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("User Accounts"), through which consumers in the U.S., including New York, can view the one or more of Defendants' Merchant Storefronts (as defined *infra*) that each Defendant operates, uses to communicate with Defendants regarding their listings for Counterfeit Products (as defined *infra*) and to place orders for, receive invoices for and purchase Counterfeit Products for delivery in the U.S., including New York, as a means for establishing regular business with the U.S., including New York.

b.   Upon information and belief, Defendants are sophisticated sellers, each operating one or more commercial businesses using their respective User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert of participation with any of them, operate storefronts to manufacture, import, export, advertise, market, promote, distribute, offer for sale and/or otherwise deal in products, including the Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("Merchant Storefront(s)") in wholesale

quantities at significantly below-market prices to consumers worldwide, including to those in the U.S., and specifically New York.

c.   Upon information and belief, a majority of Defendants' Merchant Storefronts reflect multiple sales to consumers all over the world, including repeat sales to consumers in the U.S.

d.   Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to New York and specifically to the New York Address (as defined *infra*).

e.   Upon information and belief, Defendants have transacted business with consumers located in the U.S., including New York, for the sale and shipment of Counterfeit Products.

f.   Upon information and belief, Defendants are aware of Plaintiff, its UNO Products, UNO Marks and UNO Works, and are aware that their illegal counterfeiting and infringing actions alleged herein are likely to cause injury to Plaintiff in the U.S. and specifically, in New York and this judicial district, as Plaintiff conducts business in New York.

3.       Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants conduct, transact, and/or solicit business in this judicial district.

## THE PARTIES

4.       Plaintiff Mattel, Inc. is a California corporation, having a principal place of business at 333 Continental Boulevard, TWR 15-1, El Segundo, CA 90245.

5.       Upon information and belief, Defendants are merchants on the Wish.com online marketplace platform, which, upon information and belief, is owned by ContextLogic, Inc., a Delaware corporation with a principal place of business at One Sansome Street, 40th Floor, San Francisco, CA 94104, through which Defendants offer for sale and/or sell Counterfeit Products.

## GENERAL ALLEGATIONS

### Plaintiff and Its Well-Known UNO Product

6.      Plaintiff is a leading designer, developer, marketer, manufacturer and distributor of well-known children's toys and games ("Mattel Products") under its iconic brands, including, but not limited to: Barbie, Hot Wheels, American Girl and Fisher-Price ("Mattel Brands").

7.      Plaintiff sells its Mattel Products worldwide through major retailers, quality toy stores and online marketplaces.

8.      One of Mattel's most popular and successful Mattel Products is UNO ("UNO Products").   UNO is a card game wherein players begin with seven cards, and through each turn, attempt to match a card in his or her hand with a card on the deck, or be forced to draw an additional card.  Players attempt to be the first to successfully discard all of his or her cards.  When a player has a single card remaining, he or she must announce "Uno!" to the other players, providing a warning that the game is nearly complete, or risks a penalty.

9.      Beyond the classic UNO game described above, Plaintiff has also released additional games under its UNO brand, such as UNO Attack, UNO Wild Jackpot, UNO MOD and more, including themed card decks.

10.      According to the NPD Group, a market research firm that tracks consumers trends, UNO is the number-one games property in the U.S., exclusive of collector card games.[1]

11.      Additionally, as of July 2018, UNO is the number-one selling item in the entire games category, and the only card game in the top 10 best-selling items in the U.S.[2]

---

[1] *See*, PR NEWSWIRE, *UNO® Holds Title as #1 Games Property in the United States*, available at https://www.prnewswire.com/news-releases/uno-holds-title-as-1-games-property-in-the-united-states-300705774.html?tc=eml_cleartime.
[2] *Id.*

12.     While Mattel has gained significant common law trademark and other rights in its UNO Products, through use, advertising, and promotion, Mattel has also protected its valuable rights by filing for and obtaining federal trademark registrations.

13.     For example, Mattel is the owner of U.S. Trademark Registration No. 1,005,397 for "UNO" for goods in Class 28 and U.S. Trademark Registration Nos. 5,125,593 and 2,008,897 for the wordmark "UNO" in Classes 9 and 28 ("UNO Marks"). True and correct copies of the registration certificates for the UNO Marks are attached hereto as **Exhibit A** and incorporated herein by reference.

14.     The UNO Marks are currently in use in commerce in connection with the UNO Products. The UNO Marks were first used in commerce on or before the dates of first use as reflected in the registration certificates attached hereto as Exhibit A.

15.     U.S. Trademark Registration Nos. 1,005,397 and 2,008,897 are valid, subsisting and incontestable.

16.     In addition, Plaintiff is also the owner of both registered and unregistered copyrights in and related to the UNO Products.

17.     For example, Mattel is the owner of U.S. Copyright Reg. VA 561-564, covering the Original UNO Game Packaging, U.S. Copyright Reg. VA 2-090-581, covering the UNO Game Packaging (1999), U.S. Copyright Reg. VA 2-090-583, covering the UNO Game Packaging (2001) and U.S. Copyright Reg. VA 2-090-587, covering the UNO Game Packaging (2003) (collectively, the "UNO Works"). True and correct copies of the U.S. Copyright registration certificates for the UNO Works are attached hereto as **Exhibit B** and incorporated herein by reference.

18.     Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its UNO Products, UNO Marks and UNO Works.

19.     The success of the UNO Products is due in part to Plaintiff's marketing and promotional efforts.  These efforts include advertising and promotion through television, Mattel's website, retailer websites, print and internet-based advertising and placement of the UNO Products at dozens of authorized major retail outlets, both domestically and abroad, including New York.

20.     Plaintiff's success is also due to its use of high quality materials and processes in making the UNO Products.

21.     Approximately 90% of Mattel's single basic UNO cards available to consumers in the U.S. are manufactured in the U.S., while the remaining 10% are manufactured and sold by a single vendor, directly to retailers.

22.     Additionally, the success of UNO Products is due to demand by their consumers, and word-of-mouth buzz that their consumers have generated.

23.     Plaintiff's efforts, the quality of Plaintiff's products, and the word-of-mouth buzz generated by its consumers have made the UNO Marks, UNO Works and UNO Products prominently placed in the minds of the public.  Members of the public and retailers have become familiar with Plaintiff's UNO Marks, UNO Works and UNO Products, and have come to associate them exclusively with Plaintiff.  Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association.

24.     Plaintiff has gone to great lengths to protect its interests to the UNO Products, UNO Marks and UNO Works.  No one other than Plaintiff and its authorized licensees and distributors

is authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the UNO Marks or UNO Works without the express permission of Plaintiff.

### Wish and Defendants' User Accounts

25.     Wish.com is an online marketplace and e-commerce platform that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products originating primarily from China,[3] among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York (hereinafter, "Wish").

26.     A majority of the third-party merchants that have User Accounts with and operate Merchant Storefronts on Wish, like Defendants, are located in China.[4]  As of May 2015, over 40 million items from 100,000 User Accounts were available on Wish.[5]  Between June 2014 and May 2015, nearly 100 million distinct User Accounts became registered on Wish.[6]  Currently, Wish claims a base of over 300 million users.[7]  As one of the leaders of the worldwide e-commerce and digital retail market, Wish has generated billions in sales worldwide.[8]  Sales to the U.S. make up a significant percentage of the business done on Wish.  For example, online sales account for 8.6% of all retail transactions in the U.S., and nearly 8% of online shopping done by teenagers was performed using Wish, which is second only to Amazon.com.[9]  On Cyber Monday of 2017, Wish

---

[3] *See* Armando Roggio, *Ecommerce Lessons from the Wish Shopping App*, PRACTICALECOMMERCE (Jan. 7, 2015), https://www.practicalecommerce.com/Ecommerce-Lessons-from-the-Wish-Shopping-App.

[4] *See* Greg Bensinger, *Wish, a Direct-From-China Shopping App, Lures Bargain Hunters*, WALL STREET JOURNAL (May 19, 2015), https://www.wsj.com/articles/wish-a-direct-from-china-shopping-app-lures-bargain-hunters-1431909072.

[5] *See id.*

[6] *See id.*

[7] *See* WISH.COM, https://www.wish.com/careers.

[8] *See* Connie Loizos, *Wish is Raising Again, and Giving Late-Stage Investors Protection*, TECHCRUNCH.COM (Oct. 28, 2016), https://techcrunch.com/2016/10/28/wish-is-raising-again-and-giving-late-stage-investors-protection/.

[9] *See* Deena M. Amato-McCoy, *Study: Teens Twice as Likely to Shop Online Than Adults*, CHAINSTOREAGE.COM (Oct. 16, 2017), https://www.chainstoreage.com/technology/study-teens-twice-likely-shop-online-adults/.

accounted for 6.2% of teenager spending.[10]  Currently, Wish is valued at over $8 billion, which is more than the market value of three of the largest traditional retailers in the U.S.[11]

27.     Wish aggressively uses the internet, including Facebook, Google and Pinterest, to market itself and the products offered for sale and/or sold by its third-party merchant users to potential consumers, particularly in the U.S.  For example, Wish is in the top-five largest advertisers on the aforementioned popular search engines and social media websites.[12]  In 2015, Wish spent approximately $100 million on advertisements on Facebook alone.[13]

28.     As recently addressed in news reports,[14] and as reflected in the federal lawsuits filed against third-party merchants offering for sale and selling infringing and/or counterfeit products on Wish,[15] an astronomical number of counterfeit and infringing products are offered for sale and sold on Wish at a rampant rate.[16]

29.     Defendants are individuals and/or businesses, who, upon information and belief, are located in China but conduct business in the U.S. and other countries by means of their User Accounts and on their Merchant Storefronts on Wish as well as potentially yet undiscovered additional online marketplace platforms.

---

[10] *See* Marianne Wilson, *Teens hot on Black Friday, but cool on Cyber Monday*, CHAINSTORAGE.COM (Nov. 29, 2017), https://www.chainstoreage.com/real-estate/teens-hot-black-friday-cool-cyber-monday/.
[11] *See* Parmy Olson, *At $8.5 Billion, Shopping App 'Wish' Is Now Worth More Than Sears, Macy's and JC Penney Combined*, FORBES, https://www.forbes.com/sites/parmyolson/2017/09/20/wish-8-billion-funding-amazon/#c360ab961e1d.
[12] *See* SENSORTOWER, MOBILE ADVERTISING ATLAS, Q2 2017 REPORT, *available at* https://s3.amazonaws.com/sensortower-itunes/Quarterly+Reports/Sensor-Tower-Q2-2017-Ad-Intel-Data-Digest.pdf?=landing.
[13] *See* Jason Del Rey, *Meet Wish, the $3 Billion App That Could Be The Next Walmart*, RECODE (Dec. 28, 2015), https://www.recode.net/2015/12/28/11621724/meet-wish-the-3-billion-app-that-could-be-the-next-walmart.
[14] *See* Andi Sykes, *Specialized Wages Ware on Counterfeiters* (Dec. 9, 2016), http://singletrackworld.com/2016/12/specialized-wages-war-on-counterfeiters/
[15] *See, e.g., Specialized Bicycle Components, Inc. v. in-style1820, et al.*, Civil Case No. 16-cv-62711 (S.D. Fl. Nov. 17, 2016) and *David Gilmour Music Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, Civil Case No. 17-cv-7763 (N.D. Ill., Nov.1, 2017).
[16] *See* Tom Hoffarth, *Lakers' Wish List Cheapened by the Dozen*, DAILY NEWS (Sept. 22, 2017), http://www.dailynews.com/2017/09/22/hoffarth-lakers-wish-list-cheapened-by-the-dozen/.

30.     Through their Merchant Storefronts, Defendants offer for sale and/or sell consumer products, including Counterfeit Products, and target and ship such products to customers located in the U.S., including New York, and throughout the world.

31.     Defendants' Merchant Storefronts share unique identifiers, such as design elements along with similarities in price, description of the goods offered and of the Counterfeit Products themselves offered for sale.

32.     Defendants are in constant communication with each other and regularly participate in online chatroom discussions involving illegal counterfeiting activities, pending litigation and potential new lawsuits.

## Defendants' Wrongful and Infringing Conduct

33.     Particularly in light of Plaintiff's success with its UNO Products, as well as the reputation they have gained, Plaintiff and its UNO Products have become targets for unscrupulous individuals and entities who wish to capitalize on the goodwill, reputation and fame that Plaintiff has amassed in its UNO Product, UNO Marks and the works embodied in the UNO Works and Plaintiff investigates and enforces against such activities.

34.     As part of these efforts, Plaintiff retained New Alchemy Limited ("NAL"), a company that provides intellectual property infringement research services, to investigate and research manufacturers, wholesalers, retailers and/or other merchants offering for sale and/or selling Counterfeit Products on online marketplace platforms such as Wish, Alibaba.com, AliExpress.com, DHgate.com and eBay.com.

35.     Through NAL's investigative and enforcement efforts, Plaintiff learned of Defendants' actions which vary and include, but are not limited to: manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or

selling products bearing or used in connection with the UNO Marks and/or UNO Works, and/or products in packaging and/or containing labels bearing the UNO Marks and/or UNO Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the UNO Marks and/or UNO Works and/or products that are identical or confusingly or substantially similar to the UNO Products (collectively referred to as, "Infringing Product(s)" or "Counterfeit Product(s)") to U.S. consumers, including those located in the state of New York, through Defendants' User Accounts and Merchant Storefronts.  Printouts of listings for Counterfeit Products from Defendants' User Accounts and Merchant Storefronts are included in **Exhibit C** attached hereto and incorporated herein by reference.

36.     Defendants are not, and have never been, authorized by Plaintiff or any of its authorized agents, authorized licensees or authorized distributors to copy, manufacture, import, export, advertise, distribute, offer for sale or sell the UNO Products or to use the UNO Marks and UNO Works, or any marks or artwork that are confusingly or substantially similar to the UNO Marks or UNO Works.

37.     Defendants' Counterfeit Products are nearly indistinguishable from Plaintiff's UNO Products, only with minor variations that no ordinary consumer would recognize.

38.     During its investigation, NAL identified Defendants as offering for sale and/or selling Counterfeit Products and specified a shipping address located in in New York (the "New York Address") and verified that each Defendant provides shipping to the New York Address. Printouts of the checkout pages for the Counterfeit Products and pages from Defendants' Merchant Storefronts reflecting that the Defendants ship the Counterfeit Products to the New York Address are included in **Exhibit C** attached hereto and incorporated herein by reference.

39.     NAL confirmed that each Defendant was and/or is still currently offering for sale and/or selling Counterfeit Products through their respective Merchant Storefronts, accepting payment for such Counterfeit Products in U.S. Dollars through Wish's own payment processing system ("Wish Payment System"), or through accounts with the payment processing agency PayPal, Inc. ("PayPal"), and that each Defendant provides shipping and/or has actually shipped Counterfeit Products to the U.S., including to customers located in New York.  NAL's findings are supported by Defendants' listings for Counterfeit Products and/or the checkout pages for the Counterfeit Products, which are included in **Exhibit C** attached hereto and incorporated herein by reference.

40.     For example, below on the left is an image of one of Plaintiff's UNO Products, which typically retails for $4.99.  Depicted below on the right is a listing for Defendant DreamTop's Counterfeit Product ("DreamTop Infringing Listing" and "DreamTop Counterfeit Product," respectively).  The DreamTop Infringing Listing appears on Defendant DreamTop's Merchant Storefront, https://www.wish.com/c/597c49d531399d716ca743ad, and offers the DreamTop Counterfeit Product for $3.00 per item, using, featuring and/or incorporating one or more of the UNO Marks, the UNO Works, and/or confusingly or substantially similar marks or artwork in the listing title "Fashion Standard **UNO** Cards 108 Friends Kids Children Fun Playing Board Game Kit Toy" (emphasis added) and in the descriptions and/or product images in the body of the listing.  Further, the DreamTop Counterfeit Product is virtually identical to one of Plaintiff's UNO Products and features and/or incorporates one or more of the UNO Works and UNO Marks. There is no question that the DreamTop Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing one of Plaintiff's UNO Products or that the DreamTop Counterfeit Product is otherwise approved by or sourced from Plaintiff, thereby trading

off of the goodwill and reputation of Plaintiff by engaging in the unauthorized use of the UNO
Works and UNO Marks:

**UNO Product**                                  **DreamTop Counterfeit Product**

                            

41.     By way of another example, below on the left is an image of one of Plaintiff's UNO
Products, which typically retails for $4.99.  Depicted below on the right is a listing for Defendant
Hongxin Trading Company's Counterfeit Product ("Hongxin Trading Company Infringing
Listing" and "Hongxin Trading Company Counterfeit Product," respectively).  The Hongxin
Trading Company Infringing Listing appears on Defendant Hongxin Trading Company's
Merchant  Storefront,  https://www.wish.com/c/57b52b9220f28f03d3159b7f,  and  offers  the
Hongxin Trading Company Counterfeit Product for $7.00 per item, using, featuring and/or
incorporating one or more of the UNO Marks, the UNO Works, and/or confusingly or substantially
similar marks or artwork in the listing title "Standard **UNO** Cards 108 Friends Kids Children Fun
Playing Board Game Kit Toy" (emphasis added) and in the descriptions and/or product images in
the body of the listing.  Further, the Hongxin Trading Company Counterfeit Product is virtually
identical to one of Plaintiff's UNO Products and features and/or incorporates one or more of the
UNO Works and UNO Marks.  There is no question that the Hongxin Trading Company
Counterfeit Product is designed to confuse and mislead consumers into believing that they are

purchasing one of Plaintiff's UNO Products or that the Hongxin Trading Company Counterfeit Product is otherwise approved by or sourced from Plaintiff, thereby trading off of the goodwill and reputation of Plaintiff by engaging in the unauthorized use of the UNO Works and UNO Markss:

| **UNO Product** | **Hongxin Trading Company Counterfeit Product** |
|:---:|:---:|
|  |  |

42.     As another example, below on the left is an image of one of Plaintiff's UNO Products, which typically retails for $4.99.  Depicted below on the right is a listing for Defendant Niuqi digital franchise's Counterfeit Product ("Niuqi digital franchise Infringing Listing" and "Niuqi digital franchise Counterfeit Product," respectively).  The Niuqi digital franchise Infringing Listing appears on Defendant Niuqi digital franchise's Merchant Storefront, https://www.wish.com/c/5992c0763e67016979d6ad75, and offers the Niuqi digital franchise Counterfeit Product for $5.00 per item, using, featuring and/or incorporating one or more of the UNO Marks, the UNO Works, and/or confusingly or substantially similar marks or artwork in the listing title "Fashion Standard **UNO** Cards 108 Friends Kids Children Fun Playing Board Game Kit Toy" (emphasis added) and in the descriptions and/or product images in the body of the listing. Further, the Niuqi digital franchise Counterfeit Product is virtually identical to one of Plaintiff's

UNO Products and features and/or incorporates one or more of the UNO Works and UNO Marks. There is no question that the Niuqi digital franchise Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing one of Plaintiff's UNO Products or that the Niuqi digital franchise Counterfeit Product is otherwise approved by or sourced from Plaintiff, thereby trading off of the goodwill and reputation of Plaintiff by engaging in the unauthorized use of the UNO Works and UNO Marks:

| **UNO Product** | **Niuqi digital franchise Counterfeit Product** |
|:---:|:---:|
|  |  |

43.     By these dealings in Counterfeit Products (including, without limitation, copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Counterfeit Products), Defendants violated Plaintiff's exclusive rights in the UNO Marks and UNO Works, and have used marks, images and artwork that are confusingly and/or substantially similar to, identical to and/or constitute counterfeiting and/or infringement of the UNO Marks and UNO Works in order to confuse consumers into believing that such Counterfeit Products are UNO Products and aid in the promotion and sales of their Counterfeit Products.  Defendants' conduct began long after Plaintiff's adoption and use of the UNO Marks and UNO Works, after Plaintiff obtained the federal registrations in the UNO Marks

and UNO Works, as alleged above, and after Plaintiff's UNO Products, UNO Marks and UNO Works became well-known to the purchasing public.

44.     Prior to and contemporaneous with their counterfeiting and infringing actions alleged herein, Defendants had knowledge of Plaintiff's ownership of the UNO Marks and UNO Works, of the fame and incalculable goodwill associated therewith and of the popularity and success of the UNO Product, and in bad faith adopted the UNO Marks and UNO Works.

45.     Defendants have been engaging in the illegal counterfeiting and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Plaintiff, the UNO Marks, UNO Works and UNO Products.

46.     Defendants' dealings in Counterfeit Products, as alleged herein, has caused, and will continue to cause confusion, mistake, economic loss, and have deceived and will continue to deceive consumers, the public and the trade with respect to the source or origin of Defendants' Counterfeit Products, thereby causing consumers to erroneously believe that such Counterfeit Products are licensed by or otherwise associated with Plaintiff, thereby damaging Plaintiff.

47.     In engaging in these actions, Defendants have, jointly and severally, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to Plaintiff: infringed and counterfeited the UNO Marks, infringed the UNO Works, committed unfair competition and unfairly and unjustly profited from such activities at Plaintiff's expense.

48.     Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**(Trademark Counterfeiting Under Sections 32, 34 and 35 of the Lanham Act,**
**15 U.S.C. §§ 1114(1)(b), 1116(d) and 1117(b)-(c)))**

49.      Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

50.      Plaintiff is the exclusive owner of all right and title to the UNO Marks.

51.      Plaintiff has continuously used the UNO Marks in interstate commerce since on or before the dates of first use as reflected in the registrations attached hereto as **Exhibit A**.

52.      Without Plaintiff's authorization or consent, with knowledge of Plaintiff's well-known and prior rights in its UNO Marks and with knowledge that Defendants' Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied and/or colorably imitated the UNO Marks and/or used spurious designations that are identical with, or substantially indistinguishable from, the UNO Marks on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products.

53.      Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold their Counterfeit Products to the purchasing public in direct competition with Plaintiff, in or affecting interstate commerce, and/or have acted with reckless disregard of Plaintiff's rights in and to the UNO Marks through their participation in such activities.

54.      Defendants have applied their reproductions, counterfeits, copies and colorable imitations of the UNO Marks to packaging, point-of-purchase materials, promotions and/or advertisements intended to be used in commerce upon, or in connection with the manufacturing,

importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Defendants' Counterfeit Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with or are otherwise authorized by Plaintiff, thereby making substantial profits and gains to which they are not entitled in law or equity.

55.     Defendants' unauthorized use of the UNO Marks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by Plaintiff or its authorized agents and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the UNO Marks.

56.     Defendants' actions constitute willful counterfeiting of the UNO Marks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c).

57.     As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss and irreparable injury and damage to Plaintiff, its business, its reputation and its valuable rights in and to the UNO Marks and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and its valuable UNO Marks.

58.     Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions, as alleged herein, and all gains, profits and

advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale or distributed and reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Infringement of Registered Trademarks)
### [115 U.S.C. § 1114/Lanham Act § 32(a)]

59.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

60.     Plaintiff has continuously used the UNO Marks in interstate commerce since on or before the dates of first use as reflected in the registration certificate attached hereto as **Exhibit A**.

61.     Plaintiff, as owner of all right, title and interest in and to the UNO Marks, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

62.     Defendants were, at the time they engaged in their actions as alleged herein, actually aware that Plaintiff is the owner of the federal trademark registrations for the UNO Marks.

63.     Defendants did not seek and thus inherently failed to obtain consent or authorization from Plaintiff, as the registered trademark owner of the UNO Marks, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale and/or sell UNO Products and/or related products bearing the UNO Marks into the stream of commerce.

64.     Defendants knowingly and intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold Counterfeit Products, bearing and/or utilizing marks that are reproductions, counterfeits, copies and/or colorable imitations of the UNO Marks and/or which are identical or confusingly similar to the UNO Marks.

65.     Defendants knowingly and intentionally reproduced, copied and colorably imitated the UNO Marks and applied such reproductions, copies or colorable imitations to packaging, wrappers, receptacles, online listings and/or advertisements used in commerce upon, or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Defendants' Counterfeit Products.

66.     Defendants were, at the time they engaged in their illegal and infringing actions as alleged herein, actually aware that Plaintiff is the owner of all rights in and to the UNO Marks.

67.     Defendants' egregious and intentional use of the UNO Marks in commerce on or in connection with Defendants' Counterfeit Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of the Counterfeit Products, and is likely to deceive the public into believing that Defendants' Counterfeit Products are Plaintiff's UNO Products or are otherwise associated with, or authorized by, Plaintiff.

68.     Defendants' actions have been deliberate and committed with knowledge of Plaintiff's rights and goodwill in the UNO Marks, as well as with bad faith and the intent to cause confusion, mistake and deception.

69.     Defendants' continued, knowing, and intentional use of the UNO Marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered UNO Marks in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

70.     As a direct and proximate result of Defendants' illegal and infringing actions as alleged herein, Plaintiff has suffered substantial monetary loss and irreparable injury, loss and damage to its business and its valuable rights in and to the UNO Marks and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which Plaintiff has no

adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and the valuable UNO Marks.

71.    Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### (False Designation of Origin, Passing Off & Unfair Competition)
### [15 U.S.C. § 1125(a)/Lanham Act § 43(a)]

72.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

73.    Plaintiff, as the owner of all right, title and interest in and to the UNO Marks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

74.    The UNO Marks are inherently distinctive and/or have acquired distinctiveness.

75.    Defendants knowingly and willfully used in commerce products and/or packaging designs that are identical or confusingly or substantially similar to, and constitute reproductions of the UNO Marks and UNO Works and affixed, applied and used false designations of origin and false and misleading descriptions and representations on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that Defendants' substandard Counterfeit Products are UNO Products or related products, and/or that Defendants' Counterfeit Products are

authorized, sponsored, approved, endorsed or licensed by Plaintiff and/or that Defendants are affiliated, connected or associated with Plaintiff, thereby creating a likelihood of confusion by consumers as to the source of such Counterfeit Products, and allowing Defendants to capitalize on the goodwill associated with, and the consumer recognition of, the UNO Marks and UNO Works, to Defendants' substantial profit in blatant disregard of Plaintiff's rights.

76.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products that are identical to, confusingly similar to or which constitute colorable imitations of Plaintiff's UNO Products using marks and/or artwork that is identical and/or confusingly or substantially similar to, or which constitute colorable imitations of the UNO Marks and UNO Works, Defendants have traded off the extensive goodwill of Plaintiff and its UNO Products and did in fact induce, and intend to, and will continue to induce customers to purchase Defendants' Counterfeit Products, thereby directly and unfairly competing with Plaintiff.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff and its UNO Marks, which Plaintiff has amassed through its nationwide marketing, advertising, sales and consumer recognition.

77.     Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of and continuing use in commerce of marks and artwork that are identical or confusingly or substantially similar to and constitute reproductions of the UNO Marks and UNO Works would cause confusion, mistake or deception among purchasers, users and the public.

78.     Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the

purchasing public and with the intent to trade on the goodwill and reputation Plaintiff, its UNO Products, UNO Marks and UNO Works.

79.     As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to Plaintiff by depriving Plaintiff of sales of its UNO Products and by depriving Plaintiff of the value of its UNO Marks and UNO Works as commercial assets in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately restrained, Defendants will continue to cause substantial and irreparable injury to Plaintiff and the goodwill and reputation associated with the value of UNO Marks and UNO Works.

80.     Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages that Plaintiff has sustained and will sustain as a result of Defendants' illegal and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
### (Federal Copyright Infringement)
### [17 U.S.C. § 501(a)]

81.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

82.     Plaintiff is the exclusive owner of the UNO Works.

83.     Defendants had actual notice of Plaintiff's exclusive rights in and to the UNO Works.

84.     Defendants did not attempt and therefore inherently failed to obtain Plaintiff's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works

of, distribute, sell, transfer, rent, perform and/or market Plaintiff's UNO Products and/or UNO Works.

85.     Without permission, Defendants knowingly and intentionally reproduced, copied, and displayed the UNO Works by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Infringing Products which bear such UNO Works, or artwork that is, at a minimum, substantially similar to the UNO Works.

86.     Defendants' unlawful and willful actions as alleged herein constitute infringement of the UNO Works, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such UNO Works in violation of 17 U.S.C. § 501(a).

87.     Defendants' knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to Plaintiff in an amount as yet unknown but to be proven at trial, for which Plaintiff has no adequate remedy at law, and unless enjoined, Defendants will continue to cause, substantial and irreparable harm to Plaintiff.

88.     Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief, Plaintiff's actual damages and Defendants' profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

### FIFTH CAUSE OF ACTION
### (Violation of Deceptive Acts and Practices Unlawful)
### [N.Y. Gen. Bus. Law § 349]

89.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

90.     Through Defendants' unlawful, unauthorized and unlicensed use of the UNO Works and/or UNO Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or

otherwise dealing in Counterfeit Products which are identical and/or confusingly or substantially similar to Plaintiff's UNO Products, Defendants have engaged in consumer-oriented conduct that has adversely affected the public interest and has resulted in injury to consumers in New York.

91.     Defendants' aforementioned conduct was and is a willful and deliberate attempt to mislead consumers and constitutes the use of deceptive acts or practices in the conduct of business, trade or commerce.  Such conduct has deceived and materially mislead or has a tendency to deceive and materially mislead the consuming public, and has injured and will continue to injure Plaintiff's business, reputation and goodwill in violation of N.Y. Gen. Bus. Law § 349.

92.     As a result of Defendants' actions alleged herein, Plaintiff has suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law.

93.     Pursuant to N.Y. Gen. Bus. Law § 349(h), Plaintiff is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorneys' fees.

### SIXTH CAUSE OF ACTION
### (False Advertising Unlawful)
### [N.Y. Gen. Bus. Law § 350]

94.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

95.     Without the authorization of Plaintiff, Defendants have used the UNO Marks and/or UNO Works and/or marks and/or artwork and/or packaging designs that are identical and/or confusingly or substantially similar to the UNO Marks and/or UNO Works in connection with the advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products which are identical and/or confusingly or substantially similar to Plaintiff's UNO Products, causing confusion, mistake and deceiving

consumers and the public as to the source, origin, sponsorship or quality of Defendants' Counterfeit Products.

96.     Defendants' aforementioned willful and intentional conduct constitutes false advertising in the conduct of any business, trade or commerce and has injured and will continue to injure Plaintiff's business, reputation and goodwill in violation of N.Y. Gen. Bus. Law § 350.

97.     As a result of Defendants' actions alleged herein, Plaintiff has suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law.

98.     Pursuant to N.Y. Gen. Bus. Law § 350(e), Plaintiff is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**(Unfair Competition)**
**[New York Common Law]**

99.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

100.    By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products, Defendants have traded off the extensive goodwill of Plaintiff and its UNO Products to induce, and did induce and intend and will continue to induce, customers to purchase their Counterfeit Products, thereby directly competing with Plaintiff.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff, which Plaintiff has amassed through its nationwide marketing, advertising, sales and consumer recognition.

101.    Defendants' advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products was and is in violation and derogation of Plaintiff's rights and is likely to cause confusion and mistake, and to deceive consumers and the public as to the source, origin, sponsorship or quality of Defendants' Counterfeit Products.

102.    Defendants knew, or by the exercise of reasonable care should have known, that their advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products and their continuing advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products would cause confusion and mistake, or deceive purchasers, users and the public.

103.    Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion and mistake, and to deceive, in blatant disregard of Plaintiff's rights, and for the wrongful purpose of injuring Plaintiff, and its competitive position while benefiting Defendants.

104.    As a direct and proximate result of Defendants' aforementioned wrongful actions, Plaintiff has been and will continue to be deprived of substantial sales of its UNO Products in an amount as yet unknown but to be determined at trial, for which Plaintiff has no adequate remedy at law, and Plaintiff has been and will continue to be deprived of the value of its UNO Marks and UNO Works as commercial assets in an amount as yet unknown but to be determined at trial, for which Plaintiff has no adequate remedy at law.

105.    As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief, an order granting Plaintiff's damages and Defendants' profits stemming from their

infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct.

## EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)
### [New York Common Law]

106.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

107.     By virtue of the egregious and illegal acts of Defendants as described herein, Defendants have been unjustly enriched in an amount to be proven at trial.

108.     Defendants' retention of monies gained through their deceptive business practices, infringement, acts of deceit and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, inclusive, and each of them, as follows:

A.     For an award of Defendants' profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a)(3) and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

B.     In the alternative to Defendants' profits and Plaintiff's actual damages, enhanced discretionary damages and treble damages for willful use of a counterfeit mark in connection with the sale, offering for sale or distribution of goods or services, for statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of not more than $2,000,000 per

counterfeit mark per type of goods or services sold, offered for sale or distributed, as the Court considers just, which Plaintiff may elect prior to the rendering of final judgment;

C.      For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for willful trademark infringement of Plaintiff's federally registered UNO Marks, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

D.      For an award of Defendants' profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

E.      For an award of Plaintiff's actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial for willful copyright infringement of the UNO Works under 17 U.S.C. § 501(a);

F.      In the alternative to Plaintiff's actual damages and Defendants' profits for copyright infringement of the UNO Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which Plaintiff may elect prior to the rendering of final judgment;

G.      For an award of damages in an amount to be proven at trial for deceptive acts and practices unlawful pursuant to N.Y. Gen. Bus. Law § 349(h);

H.      For an award of damages to be proven at trial for false advertising pursuant to N.Y. Gen. Bus. Law § 350(e);

I.      For an award of damages to be proven at trial for common law unfair competition;

J.      For an award of damages in an amount to be proven at trial for unjust enrichment;

K.    For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

    i.   manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing and/or Counterfeit Products;

    ii.   directly or indirectly infringing in any manner any of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the UNO Marks or UNO Works;

    iii.   using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the UNO Marks and UNO Works to identify any goods or services not authorized by Plaintiff;

    iv.   using any of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the UNO Works or UNO Marks, or any other marks or artwork that are confusingly or substantially similar to the UNO Marks or UNO Works, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

    v.   using any false designation of origin or false description, or engaging in any

action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities by Plaintiff;

vi. engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Counterfeit Products;

vii. engaging in any other actions that constitute unfair competition with Plaintiff;

viii. engaging in any other act in derogation of Plaintiff's rights;

ix. secreting, destroying, altering, removing, or otherwise dealing with the Counterfeit Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

x. from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' User Accounts or Merchant Storefronts,

any money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) ("Defendants' Assets") from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefronts (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts"), and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

xi. from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of Defendants' Assets from or Defendants' Financial Accounts until further ordered by this Court;

xii. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action;

xiii. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

xiv. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (xiii) above; and

L.   For an order of the Court requiring that Defendants recall from any distributors and retailers and deliver up to Plaintiff for destruction any and all Infringing and/or Counterfeit

Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the UNO Marks or UNO Works, or bear any marks that are confusingly or substantially similar to the UNO Marks or UNO Works;

M.    For an order of the Court requiring that Defendants deliver up for destruction to Plaintiff any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the UNO Marks or UNO Works, or bear any marks that are confusingly or substantially similar to the UNO Marks or UNO Works pursuant to 15 U.S.C. § 1118;

N.    For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Infringing and/or Counterfeit Products as described herein, including prejudgment interest;

O.    For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendants' possession which rightfully belong to Plaintiff;

P.    For an award of exemplary or punitive damages in an amount to be determined by the Court;

Q.    For Plaintiff's reasonable attorneys' fees;

R.      For all costs of suit; and

S.      For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims.

Dated: September 26, 2018                    Respectfully submitted,

                                             EPSTEIN DRANGEL LLP

                                             BY:

                                             Spencer Wolgang (SW 2389)
                                             swolgang@ipcounselors.com
                                             Brieanne Scully (BS 3711)
                                             bscully@ipcounselors.com
                                             Mary Kate Brennan (MB 5595)
                                             mbrennan@ipcounselors.com
                                             Ashly E. Sands (AS 7715)
                                             asands@ipcounselors.com
                                             Jason M. Drangel (JD 7204)
                                             jdrangel@ipcounselors.com
                                             60 East 42nd Street, Suite 2520
                                             New York, NY 10165
                                             Telephone:     (212) 292-5390
                                             Facsimile:     (212) 292-5391
                                             *Attorneys for Plaintiff*
                                             *Mattel, Inc.*

# EXHIBIT A

Int. Cl.: 28

Prior U.S. Cl.: 22

**United States Patent and Trademark Office**

10 Year Renewal

Reg. No. 1,005,397

Registered Feb. 25, 1975

Renewal Term Begins Feb. 25, 1995

## TRADEMARK
## PRINCIPAL REGISTER

### UNO

INTERNATIONAL GAMES, INC. (DELA-
WARE CORPORATION)
333 CONTINENTAL BOULEVARD
EL SEGUNDO, CA 902455012, BY
MERGER WITH INTERNATIONAL
GAMES, INCORPORATED (ILLINOIS
CORPORATION) JOLIET, IL

FOR: CARD GAMES, IN CLASS 28
(U.S. CL. 22).

FIRST USE 6-1-1971; IN COMMERCE
6-1-1971.

SER. NO. 73-015,277, FILED 3-7-1974.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on June 6, 1995.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: 28

Prior U.S. Cl.: 22

Reg. No. 1,005,397

**United States Patent Office**

Registered Feb. 25, 1975

## TRADEMARK
### Principal Register

## UNO

International Games, Incorporated (Illinois corporation)
457 N. Ottawa St.
Joliet, Ill.   60431

For: PLAYING CARDS, in CLASS 28 (U.S. CL. 22).
First use June 1, 1971; in commerce June 1, 1971.

Ser. No. 15,277; filed Mar. 7, 1974.

### Certificate of Correction

Registered February 25, 1975

Registration No. 1,005,397

International Games, Incorporated

It is hereby certified that the above identified registration is in error requiring correction as follows:

In the statement, column 2, line 1, "playing cards" should be deleted and *card games* should be inserted.

The said registration should be read as corrected above.

Signed and sealed this 1st day of September 1981.

[SEAL]

Attest:

JANIE COOKSEY,
*Attesting Officer.*

GERALD J. MOSSINGHOFF,
*Commissioner of Patents and Trademarks.*

Int. Cl.: 28

Prior U.S. Cls.: 22, 23, 38, and 50

## United States Patent and Trademark Office

Reg. No. 2,008,897
Registered Oct. 15, 1996

## TRADEMARK
### PRINCIPAL REGISTER

## UNO

MATTEL, INC. (DELAWARE CORPORATION)
333 CONTINENTAL BOULEVARD
EL SEGUNDO, CA 902455012

FOR: HAND HELD UNIT FOR PLAYING ELECTRONIC GAMES, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 2–1–1994; IN COMMERCE 2–1–1994.
THE TRANSLATION OF THE MARK FROM SPANISH IS "ONE".

SN 74–531,561, FILED 5–31–1994.

LYNN A. LUTHEY, EXAMINING ATTORNEY

Int. Cl.: 28

Prior U.S. Cls.: 22, 23, 38, and 50

United States Patent and Trademark Office

Reg. No. 2,008,897
Registered Oct. 15, 1996

## TRADEMARK
### PRINCIPAL REGISTER

## UNO

MATTEL, INC. (DELAWARE CORPORATION)
333 CONTINENTAL BOULEVARD
EL SEGUNDO, CA 902455012

FOR: HAND HELD UNIT FOR PLAYING ELECTRONIC GAMES, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 2–1–1994; IN COMMERCE 2–1–1994.
THE TRANSLATION OF THE MARK FROM SPANISH IS "ONE".

SN 74–531,561, FILED 5–31–1994.

LYNN A. LUTHEY, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office

# UNO

**Reg. No. 5,125,593**

**Registered Jan. 17, 2017**

**Int. Cl.: 9**

**Trademark**

**Principal Register**

MATTEL, INC. (DELAWARE CORPORATION)
M1-1518
333 CONTINENTAL BOULEVARD
EL SEGUNDO, CA 90245

CLASS 9: COMPUTER GAME SOFTWARE; VIDEO GAME SOFTWARE; COMPUTER APPLICATION GAME SOFTWARE FOR MOBILE PHONES, PORTABLE MEDIA PLAYERS, HANDHELD COMPUTERS AND TABLETS

FIRST USE 10-26-2016; IN COMMERCE 10-26-2016

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 2008897, 3719355, 1005397

The English translation of "UNO" in the mark is "ONE".

SER. NO. 86-830,173, FILED 11-24-2015
JONATHAN RYA O'ROURKE, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and  an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# EXHIBIT B

Case 1:18-cv-08821-AJN   Document 12   Filed 10/11/18   Page 46 of 53

# CERTIFICATE OF REGISTRATION

## FORM VA

UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

VA **561 564**

EFFECTIVE DATE OF REGISTRATION

5    14    93

Month    Day    Year

REGISTER OF COPYRIGHTS

*United States of America*

OFFICIAL SEAL

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

---

**TITLE OF THIS WORK ▼**

The Original UNO Game Package
91-UNO (IGI)-1

**NATURE OF THIS WORK ▼** See instructions

package

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.  Title of Collective Work ▼

If published in a periodical or serial give:  Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

## 2

**NAME OF AUTHOR ▼**

International Games, Inc.

**DATES OF BIRTH AND DEATH**
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR ⎰ Citizen of ▶
  ⎱ Domiciled in ▶ U.S.A.

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture
☑ 2-Dimensional artwork
☐ Reproduction of work of art
☐ Design on sheetlike material
☐ Map
☐ Photograph
☐ Jewelry design
☑ Text
☐ Technical drawing
☐ Architectural work

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR ⎰ Citizen of ▶
  ⎱ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture
☐ 2-Dimensional artwork
☐ Reproduction of work of art
☐ Design on sheetlike material
☐ Map
☐ Photograph
☐ Jewelry design
☐ Text
☐ Technical drawing
☐ Architectural work

---

## 3

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
1991 ◀ Year

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month January Day 2 Year 1992
United States of America ◀ Nation

---

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

International Games, Inc.
One UNO Circle, Joliet, IL 60435

**TRANSFER** If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
MAY 14 1993
ONE DEPOSIT RECEIVED
MAY 14 1993 - 2 c
TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND DATE

---

**MORE ON BACK ▶**
· Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
· See detailed instructions.
· Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of ____ pages

EXAMINED BY ~~JS~~

FORM VA

CHECKED BY

☐ CORRESPONDENCE
Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**VA  561 564**

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

See instructions
before completing
this space.

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                          Account Number ▼

Mattel, Inc.                          DA037842

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/Zip ▼

Joan Rose, Senior Legal Administrator
MATTEL, INC.    333 Continental Blvd.
El Segundo, California  90245-5012

Be sure to
give your
daytime phone
◀ number

Area Code & Telephone Number▶ (310)524-3627

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the
Check only one ▼
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of ——— International Games, Inc.
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Joan Rose                                    date▶ May 13, 1993

☞  Handwritten signature (X) ▼
*Joan Rose*

**MAIL
CERTIFI-
CATE TO**

Name ▼
Mattel, Inc. Law Dept.  M1-1518

Number/Street/Apartment Number ▼
333 Continental Blvd.

City/State/ZIP ▼
El Segundo, California  90245-5012

Certificate
will be
mailed in
window
envelope

• Complete all necessary spaces
• Sign your application in space 8
SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE
1. Application form
2. Nonrefundable $20 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material

MAIL TO:
Register of Copyrights
Library of Congress
Washington, D.C. 20559

\*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection
with the application, shall be fined not more than $2,500.

May 1992—100,000                                                    ☆U.S. GOVERNMENT PRINTING OFFICE: 1992-312-432/40,019

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn Temple Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**

**VA 2-090-581**

**Effective Date of Registration:**
May 22, 2017

---

## Title

**Title of Work:**   UNO Game Package (1999)

## Completion/Publication

**Year of Completion:**   1999
**Date of 1st Publication:**   February 08, 1999
**Nation of 1st Publication:**   United States

## Author

- **Author:**   Mattel, Inc.
  **Author Created:**   2-D artwork, Text
  **Work made for hire:**   Yes
  **Domiciled in:**   United States

## Copyright Claimant

**Copyright Claimant:**   Mattel, Inc.
333 Continental Blvd., El Segundo, CA, 90245, United States

## Limitation of copyright claim

**Previous registration and year:**   VA 561-564, 1993

## Certification

**Name:**   Richelle W. Savage
**Date:**   May 22, 2017

Page 1 of 1

*0000VA0002099058102202*

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn Temple Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**

**VA 2-090-583**

**Effective Date of Registration:**
May 22, 2017

## Title

**Title of Work:**   UNO Game Package (2001)

## Completion/Publication

**Year of Completion:**   2001
**Date of 1st Publication:**   February 11, 2001
**Nation of 1st Publication:**   United States

## Author

- **Author:**   Mattel, Inc.
   **Author Created:**   2-D artwork, Text
   **Work made for hire:**   Yes
   **Domiciled in:**   United States

## Copyright Claimant

**Copyright Claimant:**   Mattel, Inc.
333 Continental Blvd., El Segundo, CA, 90245, United States

## Limitation of copyright claim

**Previous registration and year:**   VA 561-564, 1993

## Certification

**Name:**   Richelle W. Savage
**Date:**   May 22, 2017

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn Temple Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**

**VA 2-090-587**

**Effective Date of Registration:**
May 22, 2017

## Title

**Title of Work:**  UNO Game Package (2003)

## Completion/Publication

**Year of Completion:**  2003
**Date of 1st Publication:**  February 16, 2003
**Nation of 1st Publication:**  United States

## Author

- **Author:**  Mattel, Inc.
  **Author Created:**  2-D artwork, Text
  **Work made for hire:**  Yes
  **Domiciled in:**  United States

## Copyright Claimant

**Copyright Claimant:**  Mattel, Inc.
333 Continental Blvd., El Segundo, CA, 90245, United States

## Limitation of copyright claim

**Previous registration and year:**  VA 561-564, 1993

## Certification

**Name:**  Richelle W. Savage
**Date:**  May 22, 2017