Case 1:18-cv-08821-AJN   Document 63   Filed 06/29/20   Page 1 of 17

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/29/20

Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:   (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Mattel, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTEL, INC.<br><br>*Plaintiff*<br><br>v.<br><br>1622758984, 1922529011, 3237063196, 3ADIANPU, AISAITE, AJKKXIAO, ALINA_ZLL, AMAKEUPSTORE, AMAPO, ANDREA-LOVEKOBE, AT THE BEGINNING OF LANGUAGE, BABY HI, BANGXING, BEAUTY, OUTDOOR AND ELECTRONIC, BEBEST, BENGBU TRADE LIMITED BY SHARE LTD, BEST HOPE, BLUESKY588, BURNING FIRE, BUYINFUN, C-BEAR, CECILIASTYLE, CHERRYSTORE6, CHINA SOUL, COCOMENGXIANGJIA, DE YANG, DIDIAO, DREAMTOP, ELYSIAN FIELDS, FANCYBABY JEWELRY, FANTASTIC5, FASHION MEMORIES, FASHIONGOGOGO, FASHIONISTAS, FATE STAY NIGHT, FATIONSHOP, FENGJIANYU45033, FESENZ, FFBFDNDFNDRF, FIRMTOWN94, FPFP, GEORGE ELLIOT, GN SERVICE CO.LTD., GODEAL2017, GRACEQQ, GUANGZHOUFENGSEWANGJUYINGHUAMAOYIYOUXIANGONGSI, GUOJUN1991@163.COM, | **CIVIL ACTION No. 18-cv-8821 (AJN)**<br><br>~~[PROPOSED]~~<br>**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

HANGZHOUJINGPINBAOBAO, HAPPYDREAM2016, HEADACHES, HELLO BODY, HOME GOODS, HONG KONG QI SHENG, HONGXIN TRADING COMPANY, HYLL2016, IFOUND, JJACKON, JOHNY PAPI, JTD, JTWAREHOUSE, JUSTICE, KÉ, KISS YOUR LIFE, LINDAF JEWELRY, LINJUBUY, LINZHIHEN, LIPENG TRADING CO., LIMITED, LITTLOVE, LONELY PLANET, LUCK2017, LUCKY DOG8, LUCKY-1, LUSYS, LY2016, MATCHBESTCT, MEIRENYUHA, MICROHAPPYWISE, MRROBINSON, MW1023214, MY TREASURE, NANJING MH COMPANY, NEWBEAR, NEWIN, NIUQI DIGITAL FRANCHISE, ORIENT INTERNATIONAL TRADING CO., LTD., PEACH PARTY, PEGGY, PERFECT ELECTRONIC TECHNOLOGY CO., LTD, QINGDAOTIANCHANGZHENGQUANSHIYEYOUXIANGONGSI, QIPILANGZHENPISHOUBAO, RFHBTGNDERFGBESDR, SAML, SAMLIR, SANDI MARKET, SHANGHAI YEE TONG TRADING CO., LTD., SHANGHAIBINJIAWANGLUOGONGCHENGYOUXIANGONGSI, SHANGHAIYEJIAJINCHUKOUYOUXIANGONGSI, SHENZHEN NATURE MAKER, SHENZHEN SAFE TECHNOLOGY CO., LTD, SHENZHENSHIXINGJIEXUNDIANZIYOUXIANGONGSI, SMALL HOUSEHOLD APPLIANCES CONCENTRATION CAMP, SSSDD, SUNSHINE DAY, TAMIIX, TAOLIHUA, TAOZI123, THBFDFHG, THE COSMETICS, TOP FASHION CLUB, TOP_MVP, TOPFASHIONTOWN, TOXIC PERFUME, TUKIISS, UNIQUE CREATE, VSHINE, WAGPUAL TACTICAL AIRSOFT WHOLESALE HOME, WANG`S, WANGPAI, WCLOUDS, WEIWEIT, WEIWO999, WENMY, WHENEVER INTEREST, WX123456, XI_LIAN, XIAOHHH, XIAOYANGO, XIAOYUPPP, XIEFANG625, XINXIANGSHICHENG6698, YANGFANSHANGMAO, YANGKAIJIE,

YEHAOJJSTORE, YEMINQING, YIDAS, YIWU CITY HAOZHUO CRAFTS LIMITED COMPANY, YIWU XIANGPEI INTERNATIONAL TRADE COMPANY, YIWUSHIGUIKANGDIANZISHANGWUSHANGXING, YIWUYINHAIDIANZISHANGWUYOUXIANGONGSI, YONGYANONLINE, ZHOU DU STORES, ZIWEIXING ANGEL AGEL ECOMMERCE LTD and ZSDDP,

*Defendants*

This matter comes before the Court by motion filed by Plaintiff Mattel, Inc. for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition, copyright infringement and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's UNO Marks and UNO Works, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Brieanne Scully in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly plead against Defaulting Defendants in the Complaint;

## II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Memorandum of Law in Support of its Motion for Default Judgment,

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Complaint, Application or Glossary.

the Court finds such an award to be reasonable and Plaintiff is awarded statutory damages against each of the Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act as follows ("Defaulting Defendants' Individual Damages Award"), plus post-judgment interest:

| DEFAULTING DEFENDANT | REQUESTED STATUTORY DAMAGES |
|---|---|
| **Burning Fire** | $50,000.00 |
| **Bengbu trade Limited by Share Ltd** | $50,000.00 |
| **Fantastic5** | $50,000.00 |
| 1622758984 | $50,000.00 |
| 3237063196 | $50,000.00 |
| **3Adianpu** | $50,000.00 |
| **Aisaite** | $50,000.00 |
| **ajKKxiao** | $50,000.00 |
| **Alina_zll** | $50,000.00 |
| **Andrea-LoveKobe** | $50,000.00 |
| **Bebest** | $50,000.00 |
| **ceciliastyle** | $50,000.00 |
| **Elysian Fields** | $50,000.00 |
| **fengjianyu45033** | $50,000.00 |

$25,000

2

| | | |
|---|---|---|
| **fesenz** | $50,000.00 | |
| **ffbfdndfndrf** | $50,000.00 | |
| **Firmtown94** | $50,000.00 | |
| **George Elliot** | $50,000.00 | |
| **Godeal2017** | $50,000.00 | |
| **Graceqq** | $50,000.00 | |
| **guangzhoufengsewangjuyinghuamaoyiyouxiangongsi** | $50,000.00 | |
| **headaches** | $50,000.00 | |
| **hello body** | $50,000.00 | |
| **Hong kong Qi Sheng** | $50,000.00 | |
| **Hongxin Trading Company** | $50,000.00 | $25,000 |
| **hyll2016** | $50,000.00 | |
| **ifound** | $50,000.00 | |
| **Johny Papi** | $50,000.00 | |
| **JTD** | $50,000.00 | |
| **Ké** | $50,000.00 | |
| **Kiss Your Life** | $50,000.00 | |
| **linjubuy** | $50,000.00 | |

3

| | | |
|---|---|---|
| **Littlove** | $50,000.00 | |
| **luck2017** | $50,000.00 | |
| **Lucky dog8** | $50,000.00 | |
| **LUCKY-1** | $50,000.00 | |
| **lusys** | $50,000.00 | |
| **meirenyuha** | $50,000.00 | |
| **microhappywise** | $50,000.00 | $25,000 |
| **mw1023214** | $50,000.00 | |
| **newbear** | $50,000.00 | |
| **Newin** | $50,000.00 | |
| **Niuqi digital franchise** | $50,000.00 | |
| **Orient International Trading Co., Ltd.** | $50,000.00 | |
| **Peach Party** | $50,000.00 | |
| **rfhbtgnderfgbesdr** | $50,000.00 | |
| **saml** | $50,000.00 | |
| **samlir** | $50,000.00 | |
| **Shanghai Yee Tong Trading Co., Ltd.** | $50,000.00 | |
| **Small household appliances concentration camp** | $50,000.00 | |
| **Sunshine Day** | $50,000.00 | |
| **The cosmetics** | $50,000.00 | |

| | | |
|---|---|---|
| **top fashion club** | $50,000.00 | |
| **TOP_MVP** | $50,000.00 | |
| **TopFashionTown** | $50,000.00 | |
| **toxic perfume** | $50,000.00 | |
| **tukiiss** | $50,000.00 | |
| **wenmy** | $50,000.00 | |
| **xiaoHHH** | $50,000.00 | |
| **xiaoyuPPP** | $50,000.00 | |
| **Xiefang625** | $50,000.00 | |
| **xinxiangshicheng6698** | $50,000.00 | $25,000 |
| **yeminqing** | $50,000.00 | |
| **De yang** | $50,000.00 | |
| **guojun1991@163.com** | $50,000.00 | |
| **hangzhoujingpinbaobao** | $50,000.00 | |
| **jjackon** | $50,000.00 | |
| **nanjing MH company** | $50,000.00 | |
| **taolihua** | $50,000.00 | |
| **UNIQUE CREATE** | $50,000.00 | |
| **Wclouds** | $50,000.00 | |
| **Whenever interest** | $50,000.00 | |

| | | |
|---|---|---|
| **yiwu city haozhuo crafts limited company** | $50,000.00 | |
| **Zhou Du Stores** | $50,000.00 | |
| **ZIWEIXING angel Agel Ecommerce Ltd** | $50,000.00 | |
| **Fancybaby Jewelry** | $50,000.00 | |
| **FPFP** | $50,000.00 | |
| **wagpual tactical airsoft wholesale home** | $50,000.00 | |
| **weiwo999** | $50,000.00 | |
| **Amakeupstore** | $50,000.00 | $25,000 |
| **taozi123** | $50,000.00 | |
| **ZSDDP** | $50,000.00 | |
| **bangxing** | $50,000.00 | |
| **Fashionistas** | $50,000.00 | |
| **WEIWEIT** | $50,000.00 | |
| **yangkaijie** | $50,000.00 | |
| **China Soul** | $50,000.00 | |
| **Shenzhen safe technology co., LTD** | $50,000.00 | |
| **baby hi** | $50,000.00 | |
| **Fashion memories** | $50,000.00 | |
| **Sandi Market** | $50,000.00 | |
| **Vshine** | $50,000.00 | |

6

| | | |
|---|---|---|
| **wangpai** | $50,000.00 | $25,000 |
| **qingdaotianchangzhengquanshiyeyouxiangongsi** | $50,000.00 | |
| **1922529011** | $50,000.00 | |
| **qipilangzhenpishoubao** | $50,000.00 | |
| **LY2016** | $50,000.00 | |
| **c-bear** | $50,000.00 | |
| **Fationshop** | $75,000.00 | |
| **WX123456** | $150,000.00 | $75,000 |
| **yehaoJJstore** | $150,000.00 | |
| **Fate Stay Night** | $200,000.00 | $125,000 |
| **shenzhen nature maker** | $200,000.00 | |
| **GN Service Co.Ltd.** | $250,000.00 | |
| **yiwuyinhaidianzishangwuyouxiangongsi** | $250,000.00 | |
| **sssdd** | $250,000.00 | |
| **LiPeng Trading Co., Limited** | $300,000.00 | |
| **Beauty, outdoor and electronic** | $300,000.00 | |
| **FashionGOGOGO** | $500,000.00 | $250,000 |
| **CoComengxiangjia** | $1,000,000.00 | |

### III.    <u>Permanent Injunction</u>

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the UNO Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the UNO Marks and/or incorporating the UNO Works and/or artwork that is substantially similar to, identical to and constitute infringement of the UNO Works;

   B. directly or indirectly infringing in any manner any of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the UNO Marks and UNO Works;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the UNO Marks and UNO Works to identify any goods or services not authorized by Plaintiff;

   D. using any of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the UNO Marks and UNO Works, or any other marks or artwork that are confusingly or substantially similar to the UNO Marks and UNO Works on or in connection with the manufacturing,

importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

  i. Defaulting Defendants' User Accounts and/or Merchant Storefronts;
  ii. Defaulting Defendants' Assets; and
  iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution,

9

    display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the UNO Marks and UNO Works, or bear any marks or artwork that are confusingly or substantially similar to the UNO Marks and UNO Works pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

    A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendants' Frozen Assets from or to Defaulting Defendants' Financial Accounts until further ordered by this Court;

    B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Frozen Assets and Defaulting Defendants' Financial Accounts;

    C. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) below.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:

    A. providing services to Defaulting Defendants and Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

    B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) above.

### IV.     Post-Judgment Asset Transfer and Asset Freeze Order

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rules 64 and/or 69 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Article 52 of New York State's Civil Practice Law and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, Defaulting Defendants' Frozen Assets from Defaulting Defendants' Frozen Accounts, are, to the extent that a given Defaulting Defendant's Frozen Assets equal Defaulting Defendants' Individual Damages Award, hereby released and transferred to Plaintiff as full satisfaction of Defaulting Defendants' Individual Damages Award for that Defaulting Defendant, and those Defaulting Defendant's Frozen Assets shall be transferred by the Financial Institutions to Plaintiff through Plaintiff's counsel within twenty (20) business days following the service of this Order, and upon receipt by Plaintiff's counsel of such Defaulting Defendant's Frozen Assets in full satisfaction of Defaulting Defendants' Individual Damages Award, the Financial Institution(s) holding that Defaulting Defendant's Frozen Assets and Defaulting Defendants' Frozen Accounts may unfreeze that Defaulting Defendant's Frozen Assets and Defaulting Defendant's Frozen Accounts. To the extent that a Defaulting Defendant's Frozen Assets are less than Defaulting Defendants' Individual Damages Award,

that Defaulting Defendant's Frozen Assets are hereby released and transferred to Plaintiff as partial satisfaction of Defaulting Defendants' Individual Damages Award for that Defaulting Defendant and those Defaulting Defendant's Frozen Assets shall be transferred by the Financial Institutions to Plaintiff through Plaintiff's counsel within (20) business days following the service of this Order, and

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rules 64, 65 and/or 69 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Article 52 of New York State's Civil Practice Law and Rules and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, the Court also hereby grants Plaintiff's request for a post-judgment restraining order continuing the attachment of each Defaulting Defendant's Frozen Assets until Plaintiff has recovered the full payment of Defaulting Defendants' Individual Damages Award owed to it by that Defaulting Defendant under this Order, or until further order of this Court; and

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rules 64, 65 and/or 69 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Article 52 of New York State's Civil Practice Law and Rules and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, until Plaintiff has recovered the full payment of Defaulting Defendants' Individual Damages Award owed to it by any Defaulting Defendant under this Order, in the event that Plaintiff discovers new and/or additional Defaulting Defendants' Assets (whether said assets are located in the U.S. or abroad) and/or Defaulting Defendants' Financial Accounts (whether said account is located in the U.S. or abroad)

("Defaulting Defendants' Additional Assets" and "Defaulting Defendants' Additional Financial Accounts," respectively), Plaintiff shall have the ongoing authority to serve this Order on any Financial Institutions controlling or otherwise holding such Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts ("Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts");

    A. Upon notice of this Order, Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall immediately locate Defaulting Defendants' Additional Financial Accounts, attach and restrain such Defaulting Defendants' Additional Assets in Defaulting Defendants' Additional Financial Accounts from being secreted, concealed, transferred or disposed of or withdrawn; and

    B. After twenty (20) business days following the service of this Order on Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts, Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall transfer all of Defaulting Defendants' Additional Assets to Plaintiff as partial or full satisfaction of Defaulting Defendants' Individual Damages Award, unless Defaulting Defendant has filed with this Court and served upon Plaintiff's counsel a request that such Defaulting Defendants' Additional Assets be exempted from this Order.

## V.    Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendants'

Frozen Assets, Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Twenty-Five Thousand U.S. Dollar ($25,000.00) security bond that Plaintiff submitted in connection with the action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this __29__ day of __June__, ~~2019~~ 2020, at __6:15__ p.m.

_____
HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

In accordance with Rule 69 of the Federal Rules of Civil Procedure and Section 5222 of New York State's Civil Practice Law and Rules ("CPLR"), and this Court's inherent equitable power to issue remedies ancillary to its authority to provide final relief, the Defendants are forbidden to make or suffer any sale, assignment, transfer or interference with any property in which they have an interest, except as set forth in subdivisions (h) and (i) of Section 5222 of the CPLR.  The Court also dissolves the automatic stay imposed by Rule 62 of the Federal Rules of Civil Procedure and allows for immediate enforcement of the judgment.
SO ORDERED.

14